By the Court.—Sedgwick, Ch. J.
—There was no error in the court leaving to the jury the question of contributory negligence on the part of the plaintiff. There was evidence in the narration by the plaintiff as to the care he was exercising when he fell. He was apprehending the danger of slipping. He gave a warning to a friend. From this and the general account of what he had been doing and of how he fell, the jury were at liberty to infer caution and care of an ordinary kind on his part.
At the end of plaintiff’s testimony, the defendants’ counsel moved to dismiss the complaint, on the ground that there was no evidence of any knowledge brought home to the city of the condition of the sidewalk on which plaintiff slipped. This motion was properly denied, because, as the case then stood, the jury were at liberty to find that- the sidewalk had been for two weeks dangerous to passers, from 'the snow and ice there. The testimony for defendants was then given and controverted the testimony of the plaintiff materially. Especially the defendants’ testimony was important to show that the snow had not made the sidewalk dangerous until the afternoon of the day, in the evening of which the plaintiff was injured, and that the snow was placed upon the sidewalk and steps of a house by boys to make a slide from the top of the steps to the curb. If this conflict of the witnesses were decisive of the case, there might be strong reason to argue that there was no preponderance with the plaintiff. If, however, the jury could find from the testimony given for the defendants, facts which *128 could make the defendants liable, the verdict should not be set aside by reason of the conflict.
The argument for defendants assumes, that if the sidewalk was in a dangerous condition, only for the time described by tire defendants’ witnesses, then there was no ground of proof that the defendants had notice of the slippery state of the sidewalk, which it was negligence on their part not to remedy, in case they had notice. I do not think that the argument is sound. Part of the duty of the city was to use ordinary diligence in observing whether the sidewalk remained in a safe state, and in ascertaining that there was an appearance of its passing from a safe to an unsafe state. This diligence is to be exercised through its numerous -agents whose duties have regard to the safety of the streets. Policemen are among those agents. The more apparent the danger, coupled with the apparent gravity of it, the more likely it is to meet the observation of these agents soon after it occurs, when they are using due diligence. The same may be said in respect of the place where the accident happens, if it be much frequented, surrounded by a dense population and not in a retired part of the city. In the present case, the obstruction made by the snow and ice was clearly apparent, was very dangerous, and in Forty-ninth street between the Third and Second avenues. The jury, from these circumstances, could be properly charged to determine, whether if ordinary observation of diligence had been used by the agents of the city, they would have had notice of the' danger, which the city was bound to remove upon notice of it. The charge of the court is hot set out in the case, and it is to be presumed that the correct view of the law was given to the jury. The defendants were not entitled to a dismissal of the action or a verdict in their favor, if to any facts which the jury might find, the law attached responsibility.
' The defendants’ counsel on the argument urged that the following exception called for a reversal. For the plaintiff a witness was asked: Q. “Do you know whether or not others had slipped at that place ; did you use to see others slip at that place ? ” The exception to the admission of this, *129 question was to be considered in view of the facts brought out by the answer, which were: “I have seen during the time we were lifting up Smid and into the wagon, a lady pass by and she slipped on that slide ; she slipped on the spot where Mr. Smid fell; she fell where it went sliding down into the street.” The facts contained in the answer were, in my opinion, relevant to the issue of the existence of the slippery condition of the walk, at the very point where the plaintiff slipped. How smooth or how unsafe for the putting down of the feet, was the place, could not be described by attempting to state the' physical appearance, so practically, as by a statement of what ensued upon the place being used by a passer.
The judgment should be affirmed, with costs, and the order denying motion for a new trial should be affirmed, with $10 costs.
O’Gorman and Ingraham, JJ., concurred.